IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-02773-GPG

**SARABIA-MARTINEZ**,

    Applicant,

v.

**LAFF**, the Honorable Judge;
**ROBERT SHAPIRO**, 1st District Attorney; and
**LAURA MULLINS**, Denver District Attorney,

    Respondents.

## ORDER DIRECTING APPLICANT TO FILE AN AMENDED APPLICATION

Applicant has filed, *pro se*, a Motion for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1). The motion os over 200 pages long and challenges his bond determinations.

The Court must construe the Application liberally because Applicant is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110.

The Court has reviewed the § 2254 Application and finds that it is deficient, for the reasons discussed below. Accordingly, Applicant will be directed to file an Amended Application if he wishes to proceed in this action.

First, the Application must be filed on the court-approved forms. Second, the Federal Rules of Civil Procedure apply to applications for habeas corpus relief. *See* Fed. R. Civ. P. 81(a)(4); *Browder v. Director, Dep't of Corrections*, 434 U.S. 257, 269

(1978); *Ewing v. Rodgers*, 826 F.2d 967, 969-70 (10th Cir. 1987).  Pursuant to Fed. R. Civ. P. 8(a), a pleading "shall contain (1) a short and plain statement of the basis for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought."  Fed. R. Civ. P. 8(d)(1) provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  **Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.**  In addition, Rule 4(c) of the Rules Governing Section § 2254 Cases in the United States District Courts requires that an application "specify all grounds for relief available to the petitioner" and "state the facts supporting each ground."

It is not the Court's role to sift through attachments to pleadings to determine a litigant's claim.  Applicant is also reminded that he is required to exhaust any constitutional claims in the state courts before seeking federal habeas corpus relief.  28 U.S.C. § 2254(b); *see also Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000).  It is not clear from Applicant's allegations in the § 2254 Application whether he has exhausted available state court remedies.  Accordingly, it is

**ORDERED** that Applicant file, **within thirty days from the date of this Order**, an Amended Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, **on the court-approved form, that complies with the requirements of Rule 8 of the Federal Rules of Civil Procedure and the directives in this Order**.  It is

**FURTHER ORDERED** that if Applicant fails within the time allowed to file an

Amended Application as directed, the action will be dismissed without prejudice and without further notice.

DATED December 23, 2015, at Denver, Colorado.

                                          BY THE COURT:

                                           /s Gordon P. Gallgher
                                          United States Magistrate Judge